IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RUBEN GUTIERREZ, | § § § | |
| Petitioner, | § § | |
| v. | § § | 1:19-CV-708-RP-ML |
| SERKOU MA'AT, | § § § | |
| Respondent. | § § | |

**ORDER**

Before the Court is Petitioner Ruben Gutierrez's ("Gutierrez") Motion for Temporary Restraining Order and/or Preliminary Injunction. (Dkt. 2). Gutierrez, currently incarcerated in FCI-Bastrop, filed a petition for a writ of habeas corpus. (Pet., Dkt. 1). Because he seeks reinstatement of sentence-reduction credit for his participation in a drug treatment program, Gutierrez's petition challenges the execution of his sentence, and is therefore brought under 28 U.S.C. 2241. *See Roach v. United States*, 732 F. App'x 325, 326 (5th Cir. 2018) ("Section 2241 is the proper procedural vehicle if a prisoner is challenging the execution of his sentence rather than the validity of his conviction and sentence."). He asks that the Court order the reinstatement of his lost credits during the pendency of this action. (Mot., Dkt. 2, at 1).

According to Gutierrez, he entered a Bureau of Prisons ("BOP") Residential Drug Abuse Program ("RDAP") in September 2016 and completed the program in March 2018, entitling him to a one-year reduction in his term of incarceration. (Pet., Dkt. 1-1, at 1–2). In January 2019, a corrections officer found an electrical device called a "stinger" in Gutierrez's cell trash can that was being used to cook several pounds of meat. (Email, Dkt. 1-1, at 15; RDAP Status Memo, Dkt. 1-1, at 34–35). Based on that incident and a positive drug test in 2017 for which he was issued a formal warning, a BOP psychiatrist ("Dr. Wartenberg") expelled him from the RDAP. (RDAP Status

1

Memo, Dkt. 1-1, at 34–35).[1] Gutierrez asked his facility's warden, Respondent Ma'at, to reinstate him into the RDAP, but Ma'at denied that request. (Response, Dkt. 1-1, at 11). In doing so, Ma'at observed that Gutierrez had received a formal warning in 2017 and found that his behavior after the stinger was found in his cell, which included a failure to take responsibility, justified his expulsion from the RDAP. (*Id.*). Gutierrez now asks this Court to reinstate his RDAP credit because the BOP's decision to rescind that credit was arbitrary and capricious in violation of the Administrative Procedure Act ("APA"), 5 USC §551 *et seq.*, and violative of his constitutional due process rights. (Pet., Dkt. 1-1, at 5–8). He argues that because he "would be free by now" had the credit not been rescinded, the Court should reinstate the credit now, before a decision on the merits, by way of a preliminary injunction. (Mot., Dkt. 2, at 2).

A preliminary injunction is an extraordinary remedy, and the decision to grant such relief is to be treated as the exception rather than the rule. *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The party seeking injunctive relief carries the burden of persuasion on all four requirements. *PCI Transp. Inc. v. W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005). A movant cannot be granted a preliminary injunction unless he can establish that he is substantially likely to succeed on the merits. *Johnson v. Fed. Emergency Mgmt. Agency*, 393 F. App'x 160, 162 (5th Cir. 2010) (citing *La Union Del Pueblo Entero v. FEMA*, 608 F.3d 217, 220 (5th Cir. 2010)). Here, the Court's analysis begins and ends with its finding that Gutierrez has not met his burden to show that he is substantially likely to succeed on the merits.

---

[1] Documentary evidence attached to Gutierrez's petition that he was expelled from the treatment program appears to contradict his allegation that he completed it.

Gutierrez argues that he is entitled to relief under the APA because the BOP's decision to expel him from the RDAP "was arbitrary, capricious, and abuse of discretion." (Pet., Dkt. 1-1, at 5). But Gutierrez is not substantially likely to succeed on the merits of that claim because the APA does not provide for judicial review of the BOP's discretionary administration of residential substance abuse treatment programs.

The APA is a waiver of sovereign immunity that provides for judicial review of federal agency action. 5 U.S.C. § 702. However, the APA does not provide for judicial review when a statute precludes it. *Id.* at § 701(a)(1). Such is the case here. Gutierrez seeks a sentence reduction under 18 U.S.C. § 3621, which authorizes the BOP to provide residential substance abuse treatment to eligible inmates and endows the agency with the discretion to reduce a prisoner's sentence upon successful completion of such a program. *See* 18 U.S.C. § 3621(e)(2)(B) (providing that the BOP "may" reduce a prisoner's sentence following successful treatment-program completion).

Elsewhere in the subchapter providing for Gutierrez's claimed sentence reduction, however, Congress withdrew Section 3621 from the APA's purview. 18 U.S.C. § 3625 provides that "provisions of sections . . . 701 through 706 of title 5"—that is, the APA—"do not apply to the making of any determination, decision, or order under this subchapter." 18 U.S.C. § 3625. That subchapter, entitled "Imprisonment," includes Section 3621. Therefore, the APA does not provide judicial review of the expulsion of prisoners from a substance abuse treatment program or the denial of a sentence reduction based on such a program. *See* R*obertson v. Laughlin*, 5:10CV126-DCB-JMR, 2012 WL 2872686, at *2 (S.D. Miss. Feb. 1, 2012), *report and recommendation adopted sub nom. Robertson v. Pearson*, 5:10-CV-126 DCB JMR, 2012 WL 2873943 (S.D. Miss. July 12, 2012) (reaching the same conclusion about placement in BOP substance abuse treatment programs).

Alternatively, Gutierrez argues that his claim is subject to judicial review notwithstanding Section 3625's statutory exclusion because the retraction of his sentence-reduction credit violates his

constitutional right to due process. (Pet., Dkt. 1-1, at 4 (citing *Webster v. Doe*, 486 U.S. 592, 603 (1988))). In order to establish a violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, Gutierrez must show that the BOP's actions infringed a liberty interest within the meaning of that clause. *See Meachum v. Fano*, 427 U.S. 215, 223 (1976). This he cannot do, as the Fifth Circuit has repeatedly held that neither the Due Process Clause itself nor any federal statute or regulation creates a liberty interest in receiving a Section 3621(e)(2)(B) sentence reduction. *Handley v. Chapman*, 587 F.3d 273, 281 (5th Cir. 2009); *Richardson v. Joslin*, 501 F.3d 415, 420 (5th Cir. 2007). "Without a liberty interest, there is no procedural due process claim." *Handley*, 587 F.3d at 281. Accordingly, the Court finds that Gutierrez has not established that he is substantially likely to succeed on the merits of his petition. A preliminary injunction is not warranted.

Accordingly, **IT IS ORDERED** that Gutierrez's Motion for Temporary Restraining Order and/or Preliminary Injunction, (Dkt. 2), is **DENIED**.

**SIGNED** on July 30, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

4